**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SETH OBENG, | No.    17-71442 |
| Petitioner, | Agency No. A206-269-796 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020[**]

Before:  GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Seth Obeng, native and citizen of Ghana, petitions for review of a Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's denial of his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We review for substantial

evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1031 (9th Cir. 2014), and we review de novo claims of due process violations in immigration proceedings, *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

Substantial evidence supports the BIA's affirmance of the immigration judge's denial of Obeng's application for asylum.  Several inconsistencies between Obeng's testimony and application support the immigration judge's adverse credibility determination.  *See Shrestha v. Holder*, 590 F.3d 1034, 1046–48 (9th Cir. 2010).  Specifically, Obeng was unable to reliably relate details about the attacks he claimed to suffer.  *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (holding that "minor inconsistencies going to the heart of a petitioner's claim may, when considered collectively, deprive [the] claim of the requisite ring of truth, thereby supplying substantial evidence that will sustain the IJ's adverse credibility determination" (alteration in original) (internal quotations omitted)).  Additionally, Obeng testified, in detail, that an attack occurred in the evening, which conflicted with his statement that the attack occurred in the morning.  The BIA was not required to believe his explanation that he had erred because of pain.  *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) ("We must uphold an adverse credibility determination so long as even one basis is supported by substantial evidence." (internal quotation marks omitted)); *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (holding that, given the importance of the testimony,

17-71442

the agency was not required to believe the petitioner's explanation).

The immigration judge never asked Obeng for corroborative evidence, but simply considered other evidence that could alternatively support a grant of asylum. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (holding that the petitioner's documentary evidence was insufficient to rehabilitate or independently establish eligibility for petitioner's claim). Therefore, no notice requirement was violated. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (holding that, because "the IJ did not request additional evidence to corroborate otherwise credible testimony," the notice and opportunity requirements of *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), were not triggered).

Obeng's withholding of removal claim was properly denied for the same reasons as his asylum claim. *See Garcia*, 749 F.3d at 791 ("To qualify for withholding of removal . . . [a] petitioner carries the burden of persuading the fact finder that the evidence offered is credible.").

The BIA's denial of CAT relief is also supported by substantial evidence because the record does not compel the conclusion that it is more likely than not that Obeng would suffer harm rising to the level of torture if he returned to Ghana. *See Shrestha*, 590 F.3d at 1048–49 (stating that, in the face of an adverse credibility determination, "we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured"

(alteration in original) (internal quotation marks omitted)).

The record demonstrates that Obeng's due process rights were not violated and that he did not suffer prejudice. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993–94 (9th Cir. 2018). Nothing in the record indicates that the IJ was biased against Obeng or caused the non-attendance of witnesses.

**PETITION FOR REVIEW DENIED.**